UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00281-JMS-MJD |
| | ) | |
| MARK S INCH Director, Federal Bureau of Prisons, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Robert Pearson is a prisoner confined at the Federal Correctional Institution at Terre Haute, Indiana (FCI-Terre Haute). Mr. Pearson filed this lawsuit on June 15, 2017, asking the Court to order the defendant to transfer him to a community correctional facility and then to home confinement. *See* dkt. 1. The defendant has moved for summary judgment, arguing that Mr. Pearson failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), before filing this lawsuit. Mr. Pearson has not responded to the motion.

**I. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

In accordance with Local Rule 56-1(f), the Court assumes that facts properly supported by the movant are admitted without controversy unless the nonmovant specifically disputes them. Therefore, a nonmovant who fails to respond to a motion for summary judgment effectively concedes that the movant's version of the facts is accurate. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)). For purposes of this motion for summary judgment, the applicable substantive law is the PLRA's exhaustion requirement.

## II. Exhaustion of Administrative Remedies

The PLRA requires that a prisoner who files suit in federal court must first exhaust his available administrative remedies. 42 U.S.C. § 1997e(a). The PLRA was enacted "to reduce the

quantity and improve the quality of prisoner suits" by "afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle,* 534 U.S. 516, 524–25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532.

The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required."). Moreover, the PLRA requires "proper exhaustion." "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d at 655 ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

### III. Facts

The U.S. Bureau of Prisons (BOP) has promulgated an administrative remedy system that is codified in 28 C.F.R. §§ 542.10, *et seq*., and BOP Program Statement 1330.18, *Administrative Remedy Program* (Jan. 6, 2014) (available at http://www.bop.gov/policy/progstat/1330 018.pdf.). The BOP's Administrative Remedy Program "allow[s] an inmate to seek formal review of an issue relating to *any aspect* of his/her own confinement." 28 C.F.R. § 542.10(a) (emphasis added). It "applies to *all inmates* in institutions operated by the" BOP. 28 C.F.R. § 542.10(b) (emphasis added).

To exhaust the remedies available through the Administrative Remedy Program, an inmate typically must file a written grievance at each of four levels. First, the inmate must file an informal remedy request through an appropriate institution staff member. *See* 28 C.F.R. § 542.13. If the inmate is not satisfied with the staff's response to that request, he must file a formal administrative remedy request with the Warden of his institution. 28 C.F.R. § 542.14. If the inmate is dissatisfied with the Warden's response, he must appeal to the Regional Director. 28 C.F.R. § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, he must appeal to the BOP General Counsel. *Id.*

Inmates confined at FCI-Terre Haute are provided with procedures for utilizing the Administrative Remedy Program upon their arrival at the institution and can access the relevant procedures in the law library. *See* dkt. 18-1 at ¶ 5. All administrative remedy requests filed by inmates are logged and tracked in the SENTRY computer database, an electronic record keeping system utilized by the BOP. Program Statement 1330.18 at ¶ 13. Records from that database show that Mr. Pearson has not filed any written grievances pursuant to the Administrative Remedy Program. *See* Dkt. 18-1.

### IV. Analysis

The defendant has shown that Mr. Pearson failed to exhaust his available administrative remedies before filing this civil action. In fact, BOP records indicate that Mr. Pearson did not complete *any step* in the Administrative Remedy Program with respect to the issues raised in this lawsuit or any other issues.

The materials presently before the Court do not indicate any reason why the subject of Mr. Pearson's lawsuit—his eligibility for transfer to a community correctional facility and home confinement—might be exempt from the Administrative Remedy Program. Moreover, no

4

evidence before the Court presents any indication that any aspect of the Administrative Remedy Program was unavailable to Mr. Pearson.

In sum, the undisputed evidence shows that Mr. Pearson was required to exhaust all four stages of the BOP's Administrative Remedy Program before filing this lawsuit, that all four stages of the Administrative Remedy Program were available to him, and that he failed to complete any stage in the Administrative Remedy Program. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Pearson's action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## V. Conclusion

The defendant's motion for summary judgment, dkt. [18], is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/9/2018

*Signature*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT PEARSON
49150-424
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov